UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JULIAN JAMES, | |
| Plaintiff, | |
| -against- | |
| POLICE LIEUTENANT KELLY, | |
| Defendant. | |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:   12/9/2022

1:22-cv-9560 (MKV)

ORDER OF SERVICE

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff Julian James, who is currently incarcerated in the Elmira Correctional Facility, brings this *pro se* action seeking damages. His claims arise from his alleged arrest by Defendant Police Lieutenant Kelly, of the New York City Police Department's 44th Precinct. The Court construes Plaintiff's complaint as asserting claims under 42 U.S.C. § 1983 and under state law.

By order dated November 14, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] The Court now directs service on Defendant.

## DISCUSSION

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all

---

[1] Plaintiff filed his complaint while held in the Anna M. Kross Center on Rikers Island. Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and the complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date that the summons is issued.

process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendant through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendant. The Clerk of Court is further instructed to issue a summons for Defendant and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant.

If the complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss this action if Plaintiff fails to do so.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff, together with an information package.

The Court also directs the Clerk of Court to issue a summons for Defendant Kelly; complete a USM-285 form with the address for Defendant Kelly; and deliver all documents necessary to effect service on Defendant Kelly to the U.S. Marshals Service.

SO ORDERED.

Dated:    December 9, 2022
          New York, New York

_____
MARY KAY VYSKOCIL
United States District Judge

2

**DEFENDANT AND SERVICE ADDRESS**

Lieutenant Kelly
New York City Police Department
44th Precinct
2 East 169th Street
Bronx, New York 10452-7800